warrant; and, before beginning the search, the officers waited for her to get in touch with the appellant. The wife produced the key with which the cellar was unlocked, where the liquors were found. There is no proof that the residence or living quarters of the house was searched, or who, if anyone, was in the house at the time. There is no evidence as to where the appellant was when his wife got in touch with him while the officers waited to make the search; nor does the proof negative the fact that the key with which the cellar was unlocked was obtained from or furnished by the appellant.

As to the other occupants of the house (the mother and brother), there is an absence of any affirmative proof that they exercised any right of control over the house or the cellar.

Under these facts, we are unable to reach the conclusion that such other occupants of the house had access to the cellar or had the opportunity of having placed therein the large quantity of liquors found therein.

It is unlikely that anyone else would have or could have stored the amount of liquors as here involved in the cellar of appellant's house, without his knowledge and acquiescence.

Believing the facts sufficient to support the conviction, the appellant's motion for rehearing is overruled.

L. G. Hurley, of Gladewater, for appellant.

Spurgeon E. Bell, State's Atty., of Austin, for the State.

GRAVES, Judge.

The conviction is for theft of an automobile; punishment, two years' confinement in the penitentiary.

The proceedings appear regular. The record is before this court without statement of facts or bills of exception. In such condition nothing is presented for review.

The judgment is affirmed.